**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No. 10-80030-CIV-HURLEY/GOODMAN

TAURUS L. TURNQUIST,

    Plaintiff,

v.

DEPUTY SGT. NOLL, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS

The Defendants, Sgt. Noll, Cpl. Cribbs, Officer Garcia, Capt. Starks, and Lt. Jackson, filed their Motion to Dismiss Plaintiff's Amended Complaint, and Plaintiff, Taurus L. Turnquist ("Turnquist") has filed a Response.  (DE# 14, 3/26/2010 & 16, 4/9/2010). The motion was referred to me for a report and recommendation.  (DE# 2, 1/11/2010 & 18, 7/29/2010.)  Having reviewed the applicable filings and law, and for the reasons stated below, it is hereby recommended that Defendants' motion be treated as a motion for partial summary judgment as to Turnquist's excessive force claims and that it be granted.  I also recommend that Defendants be required to answer the remaining allegations which they did not address in their motion to dismiss.

    **I.**    **Factual Introduction**

This is a *pro se* civil rights action filed under 42 U.S.C. §1983 by Turnquist, who was confined in the Palm Beach County Jail at the time of his Amended Complaint. Turnquist alleges that on January 20, 2009, Sgt. Noll ("Noll") and Cpl. Cribbs ("Cribbs") assaulted him and then issued a false disciplinary report stating that Turnquist assaulted them.  (Am. Compl. p.1, DE# 7, 1/25/2010.)  Turnquist alleges further that Noll and Cribbs have issued him additional false disciplinary reports and confined him for the past year behind a steel door for twenty-three hours a day.  Turnquist further alleges that he

has been subjected to constant light and served only cold food. (*Id.*) As a result of this light, Turnquist claims he has been unable to sleep. (*Id.*)

Turnquist also claims that Officer Garcia ("Garcia") and Capt. Starks ("Starks") know he is innocent of both the original assault allegations and those in his subsequent disciplinary reports -- but that both men assist in his continued confinement at Noll's request in a joint effort to retaliate against him for protesting his treatment on January 20, 2009. (*Id.* at p. 2.) Lt. Jackson ("Jackson") is the lieutenant in charge of the unit where Turnquist is housed. (*Id.*) Turnquist does not accuse Jackson of knowing what Turnquist contends is the truth behind the original assault, nor does he accuse Jackson of knowing that the subsequent disciplinary reports are false. (*Id.*) But Turnquist accuses Jackson of knowing of the extreme conditions of his confinement and of rejecting Turnquist's requests for release from these conditions. (*Id.*) Turnquist does not request any specific relief in his Amended Complaint. However, it seems that Turnquist is seeking both equitable relief and damages. (*See* Compl. p. 4, DE# 1, 1/11/2010.)

**II.    Procedural Background**

Turnquist filed his original Complaint and motion for leave to proceed *in forma pauperis* on January 11, 2010. (DE# 1 & 3.) This Court granted the motion to proceed *in forma pauperis* on January 20, 2010, but first entered a *sua sponte* order on January 19, 2010, directing Turnquist to file an amended complaint containing separate paragraphs explaining what each defendant did and the supporting facts to show why each person is being sued. (DE# 4 & 5.) Turnquist complied and filed his Amended Complaint on January 25, 2010. (DE# 7.) All Defendants thereafter moved jointly to dismiss Turnquist's Amended Complaint on March 26, 2010.

In their motion, Defendants point to specific evidence that Turnquist actually assaulted Noll and Cribbs on January 20, 2009, and is currently facing criminal charges

2

(based on the January 20, 2009 incident) for battery on a law enforcement officer and resisting with violence. (*See generally* Probable Cause Aff., DE# 14-1.) Defendants request that Turnquist's entire Amended Complaint be dismissed without prejudice pending the resolution of these charges. (DE# 14.) On April 5, 2010, this Court issued an order instructing the parties that it would treat the motion as a motion for summary judgment because Defendants attached the probable cause affidavit for the criminal charges to the motion to dismiss. (Order Instructing Pro Se Plaintiff, DE# 15.)

Defendants' motion only addresses the January 20, 2009, incident (*i.e.*, the alleged assault) and is therefore properly treated as a motion for *partial* summary judgment as to Turnquist's excessive force claim only.[1] After the motion to dismiss was filed, this Court specifically warned Turnquist that he could not rely solely on his Amended Complaint to survive this motion. The Court further cautioned him that it might accept the evidence attached to Defendants' motion as true and grant summary judgment in Defendants' favor if Turnquist did not submit his own competent rebuttal evidence, such as affidavits and deposition transcripts. (*Id.*) Turnquist filed a written response to Defendants' motion, but he offered no competent *evidence* in opposition to the probable cause affidavit. (Def.'s Resp., DE# 16, April 9, 2010.)

---

[1] In support of their motion to dismiss, Defendants rely on *Heck v. Humphrey*, 512 U.S 477, 486-87 (1994). Whether Defendants' motion is regarded as a motion to dismiss or motion for summary judgment, *Heck* is inapplicable to it for two reasons. First, Turnquist has not yet been (and may never be) convicted of assaulting Noll and Cribbs. *McClish v. Nugent*, 483 F.3d 1231, 1251 (11th Cir. 2007) (recognizing that "*Heck* only comes into play when there has been 'an outstanding criminal judgment' or 'extant conviction,' and that *Heck* was not raised when 'there was in existence no criminal conviction that the cause of action would impugn") (quoting *Wallace v. Kato*, 549 U.S. 384, 393 (2007)). Second, it is not clear that *Heck* would bar a condition of confinement claim as the Eighth Amendment does not authorize *any* treatment of a prisoner merely because that treatment is made based upon a conviction. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("those deprivations 'denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

3

### III. Applicable Legal Standards

#### a. Summary Judgment

Though Defendants' motion is styled as a motion to dismiss, Federal Rule of Civil Procedure 12(d) states in pertinent part that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

*Accord Trustmark Ins. Co. v. Eslu, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted:

> . . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All evidence considered on motion for summary judgment must be "viewed in a light most favorable to the nonmoving party." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994) (citing *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991). A nonmoving party is under no obligation to respond to a motion for summary judgment that is not properly supported with evidence. *Adickes*, 398 U.S. at 160.

This does not mean a court is "constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal*, 20 F.3d at 458-59. Once the moving party has presented a properly supported motion for summary judgment, the nonmoving party cannot rely on the existence of a mere "scintilla of evidence" to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S 574, 586 (1986) ("[T]he party opposing summary judgment must do more than simply show that there is some

4

metaphysical doubt as to the material facts"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'") (quoting FED. R. CIV. P. 1).

"If no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted."  *Beal*, 20 F.3d at 458-59.  In sum:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather it must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED. R. CIV. P. 56(e)(2).  *Accord Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

### b. Constitutional Claims Under §1983

To state a claim under 42 U.S.C. §1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  *Accord Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).  "§1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Cummins*, 24 F.3d at 1355 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Though Defendants have not challenged the legal sufficiency of his allegations, Turnquist's allegations do not explicitly pinpoint the purported source of the federal rights on which his claims are based.  Nevertheless, the Eleventh Circuit has directed courts to "provide pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953

F.2d 1560, 1582 (11th Cir. 1992). Therefore, I construe Turnquist's Amended Complaint as being for (1) excessive force, in violation of the Eighth Amendment, against Noll and Cribbs in their personal capacities; (2) retaliation for exercising his First Amendment right against all Defendants in their individual capacities except Jackson;[2] and (3) unlawful and extreme conditions of confinement in violation of the Eighth Amendment against all Defendants in their individual and official capacities. Only Plaintiff's first claim -- alleging excessive force -- is challenged in Defendant's motion.[3]

### i. Excessive Force

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." U.S. CONS. amend. VIII. *See also Robinson v. California*, 370 U.S. 660, 667 (1962) (holding the Eighth Amendment Cruel and Unusual Punishment Clause is applicable to the states under the Fourteenth Amendment Due Process Clause). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is that set out in *Whitely*: whether force was applied in a good-faith effort to maintain or restore

---

[2] Turnquist does not allege that Jackson knows the January 20, 2009, incident was not Turnquist's fault or that the subsequent disciplinary reports are false. Turnquist merely alleges that he has "mention to Lt. Jackson numberous of times why I can be release and he states based on your history and 1-20-09 with my deputies [sic]." Therefore, the only actual, substantive allegation against Jackson appears to be that he is aware of Turnquist's present confinement situation but allows it to continue.

[3] Neither the original Complaint nor the Amended Complaint specifically explains the capacities in which the Defendants are being sued. Plaintiff's original Complaint states that "I also want these deputies held accountable," and that he wants to be let out of his current confinement situation. (DE# 1, p. 4.) Defendants' motion characterizes all claims as made against Defendants in their personal capacities. (DE# 14, p. 1.) An examination of the specific relief requested leads me to agree with Defendants for the most part. *See, e.g., Lundgren v. McDaniel*, 814 F.2d 600, 603 (11th Cir. 1987) (noting that where damages are sought against a defendant personally that the claim is made against the defendant individually). To the extent Turnquist seeks prospective injunctive relief from the conditions of his confinement, however, I believe a common sense reading is that this claim is also made against the Defendants in their *official* capacities. *See Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989) ("The eleventh amendment does not, however, bar suits for equitable relief against state officers in their official capacity . . . nor does the amendment preclude a damages award against state officials in their individual capacity") (internal citations omitted); *Kelley v. Troy State Univ.*, 923 F. Supp. 1494, 1500 (M.D. Ala. 1996) (denying dismissal of claims for prospective injunctive relief against defendants in their official capacities).

discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). *Accord Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

To create a claim for an Eighth Amendment violation, the force must be so disproportionate to any plausible necessity that it can only be considered wanton and unnecessary, and this "is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 8. However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily precludes from constitutional recognition *de minimis* uses of physical force . . . An inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Wilkins v Gaddy*, 130 S. Ct. 1175, 1178 (2010) (certain internal quotation marks and citations omitted from original) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

**IV.   Analysis**

### a.  Turnquist's Claims of Excessive Force

Turnquist alleges that he was assaulted by Noll and Cribbs and then falsely accused of attacking these men. (Am. Compl. p. 1, DE# 7.) Even considered in a light most favorable to Turnquist, the only competent evidence (as contrasted with unsupported argument and rhetoric) before this Court is to the contrary.

In his February 11, 2009, Probable Cause Affidavit, Sgt. Bailey of the Palm Beach County Sheriff's Department outlined Turnquist's admission that he "tussled" with Noll and Cribbs when these two men entered Turnquist's cell and asked him to pack up his stuff. (DE# 14-1, p. 3.) *See also* Fed. R. Evid. 801(d)(2)(a) (a statement by a party offered against that party is defined as not hearsay).

Sgt. Bailey observed that, as a result of this encounter, Noll's uniform was damaged, Cribbs fractured his right hand and Turnquist sustained a laceration above his

right eyebrow requiring six stitches. (*Id.* at p. 3.) Sgt. Bailey also reported that Turnquist admitted he had disobeyed an order to get on the floor of his cell immediately before the "tussle," and that Turnquist had told a third corrections officer "No, you suck dick," immediately before that. (*Id.* pp. 2-3.)

No reasonable juror could find in Turnquist's favor based on this evidence. There is simply no evidence establishing that Noll or Cribbs acted maliciously or sadistically on January 20, 2009. Turnquist presented no counter-affidavit showing Noll and Cribbs to be the aggressors, and he presented no evidence that he suffered serious injury, let alone any injury suggesting excessive force. Turnquist did, however, admit that he struggled with Noll and Cribbs. Though it is a clear the guards used *some* force to subdue Turnquist that day, there is no evidence of an improper motive or that the force was in excess of that required "to restore discipline" in response to Turnquist's own aggression. *Hudson*, 503 U.S. at 9.

Given Plaintiff's failure to provide any competent evidence to support his Eight Amendment claim (and to create a genuine issue of material fact by rebutting the probable cause affidavit submitted by Defendants), I therefore conclude that there is no genuine issue of material fact as to Turnquist's excessive force claim and that Noll and Cribbs are entitled to summary judgment as a matter of law on that claim. *See Brown v. Smith*, 813 F.2d 1187, 1189-90 (11th Cir. 1987) (per curiam) (affirming grant of summary judgment on excessive force claim to prison guard where guard used force to compel prisoner's compliance with guard's order to enter a cell).[4] *See also Cockrell v. Sparks*, 510 F.3d 1307, 1312 (11th Cir. 2007) (per curiam) (affirming grant of summary judgment as to qualified immunity to deputy who shoved a prisoner causing a disturbance because undisputed facts demonstrated that force used by guard was not excessive and thus

---

[4] In Brown v. Smith, the Eleventh Circuit noted that the Plaintiff prisoner's affidavit concerning the extent of his injury included "only a most conclusory allegation that his injury was serious" and therefore rejected the claim. 813 F.2d at 1190 (emphasis supplied).

prisoner failed to establish the necessary constitutional violation even though prisoner broke his hip and wrist and lacerated his ear as a result); *Bennett v. Parker*, 898 F.2d 1530, 1533-35 (11th Cir. 1990) (reversing order *denying* defendants' motion for summary judgment on qualified immunity grounds because there was no material issues of fact where the plaintiff's claim failed to establish the requisite constitutional violation of alleged excessive force) (emphasizing that Plaintiff's claim of serious injury is "only a conclusory allegation, unsupported by any physical evidence, medical records or the corroborating testimony of witnesses").

### V.   Conclusion

For the reasons given, I RECOMMEND that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be treated as a motion for partial summary judgment and granted as to all claims for excessive force.  However, because Defendants have not responded to the other two claims (for retaliation and unlawful and extreme confinement conditions), I also recommend that Defendants be ordered to file an answer to those two remaining claims within fourteen (14) business days.  Defendants may, of course, later file a summary judgment motion as to those two remaining claims if there are grounds to support the motion.

### VI.   Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) business days from the date of this Report and Recommendation, until August 25, 2010, to serve and file written objections, if any, with the Honorable Daniel T. K. Hurley, United States District Judge.  Each party may file a response to the other party's objection, no later than September 8, 2010.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)

(citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958).

RESPECTFULLY RECOMMENDED, in Chambers, in Miami, Florida, this 11th day of August, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Daniel T.K. Hurley
All counsel of record