## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 10-80030-CIV-HURLEY/GOODMAN

TAURUS L. TURNQUIST,

     Plaintiff,

v.

DEPUT SERGEANT NOLL,
 *et al.*,

     Defendants.
_____/

### OMNIBUS ORDER ON PLAINTIFF'S

### MOTIONS AND ORDER OF INSTRUCTIONS TO *PRO*

### *SE* PLAINTIFF RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

     This matter is before the Court on Plaintiff's response to the Court's show cause order (DE# 43), Plaintiff's Request for Appointment of Counsel (DE# 42), Defendants' Motion for Summary Judgment (DE# 40); and Plaintiff's Motion for Sanctions (DE# 48).

     For the reasons below, the Court (1) **GRANTS** Plaintiff a limited extension of **14 days** to file a pretrial statement; (2) **DENIES** Plaintiff's request for appointment of counsel; (3) orders that Plaintiff may, after reviewing the instructions below, file a new response to Defendant's summary judgment motion within **14 days**; and (4) **DENIES** Plaintiff's motion for sanctions.

### I.     PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

     On August 23, 2011, the Undersigned entered an Order to Show Cause Why This Case Should Not Be Dismissed For Failure to File a Pretrial Statement.  (DE# 36.)  In that order, the Undersigned noted that Plaintiff had not made any filings in approximately

a year and a half and had failed to file a pretrial statement as required by the Court's scheduling order.  Plaintiff responded to the show cause order on September 8, 2011 by offering two reasons for his failure to file a timely pretrial statement and requesting an extension of time to file his pretrial statement.  (DE# 43.)

Plaintiff's first reason is somewhat vague, but it appears to be that he was confused by a filing from a totally unrelated case involving a different inmate that Plaintiff received on September 1, 2011.  The Court fails to see how receipt of this document – which occurred *after* the deadline for filing a pretrial statement expired and *after* Plaintiff's receipt of the show cause order – could in any way be relevant to Plaintiff missing the filing deadline.

Plaintiff's second reason is more persuasive.  Plaintiff represents that he never actually received a copy of the Courts' scheduling order and, "had he received this Honorable Court's scheduling order[, he] would most certainly have complied to the best of his abilities."[1]  Defendants do not object to the granting of an extension on this ground, but only request that, if the Court grants the extension, the Court also provides Defendants an additional thirty days to file their own pretrial statement.

Given Plaintiff's explanation and the fact that Defendants do not contest Plaintiff's requested relief, the Court finds that Plaintiff has shown good cause to excuse his failure to file a pretrial statement.  It is hereby ordered and adjudged that Plaintiff's request for an extension of time is **GRANTED**.  Plaintiff must file a pretrial statement within **14 days** of the date of this order.  Plaintiff is cautioned that if he fails to do so, the Undersigned will recommend that the District Court dismiss his case

---

[1]     To avoid any future confusion, a copy of the scheduling order is attached as Exhibit 1 to this order.  Plaintiff should consult the scheduling order for the requirements of a pretrial statement.

In the Court's scheduling order, Defendants were required to file their pretrial statement 14 days after Plaintiff filed his pretrial statement.  Defendants did not explain the necessity for allowing them more than 14 days to file their own pretrial statement and the Court sees no obvious reason to do so.  Consequently, Defendants must file their own pretrial statement within **14 days** after Plaintiff files his pretrial statement.

## II.    REQUEST FOR APPOINTMENT OF COUNSEL

28 U.S.C. §1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel."  Courts are afforded "broad discretion in making this decision" because a "plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

> Appointment of counsel in civil cases is, rather, a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."  The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.

*Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (brackets in original) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).  A *pro se* plaintiff will not be appointed counsel in a civil case merely because the plaintiff would be helped by a lawyer's assistance.  *See Bass*, 170 F.3d at 1320.

At bottom, this is a routine case involving commonly litigated § 1983 claims.  Plaintiff has demonstrated in his various filings that he is aware of the facts of this case and that those facts – while contested by the parties – are not novel.  The Court understands that Plaintiff is incarcerated and is also proceeding *pro se*.  However, there are simply no "exceptional circumstances" present to support Plaintiff's request.

To the extent that Plaintiff requires some guidance on the procedural rules applicable to summary judgment motions, the Court is providing Plaintiff with its standard order of instruction to *pro se* litigants.  Previously, Magistrate Judge White provided Plaintiff with similar instructions regarding Defendants' motion to dismiss. (DE# 15.)  Plaintiff filed a response to that motion afterwards and there is no indication that Plaintiff would not be able to similarly utilize summary judgment instructions.

Consequently, Plaintiff's request for appointment of counsel (DE# 42) is **DENIED**.

### III.    INSTRUCTIONS ON SUMMARY JUDGMENT PROCEDURE

In this prisoner civil rights action, Defendants filed a motion for summary judgment on August 29, 2011.  (DE# 40.)  Plaintiff filed a response dated September 20, 2011.  (DE# 49.)  Plaintiff appears to refer to his response as an "affidavit" and a "declaration" (*Id.* at pp. 1 & 4), but his response constitutes neither an affidavit nor a declaration.

The general practice in this District is to provide *pro se* litigants with procedural guidance on responding to a motion for summary judgment.  *See also United States v. One Colt Python .357 Cal. Revolver*, 845 F.2d 287, 289 (11th Cir. 1988) ("A motion for summary judgment should only be granted against a litigant without counsel if the court gives clear notice of the need to file affidavits or other responsive materials and of the consequences of default").

Plaintiff's response does not contain the type of competent evidence necessary to oppose a summary judgment motion.  But because Plaintiff filed his response before the Court was able to enter its instructions order, the Court will provide Plaintiff with another

opportunity to respond.  The Court hereby gives Plaintiff notice that he may, after reading the instructions below, file another response to Defendants' summary judgment order within **14 days** of today's date.   Defendants may file a reply to this response within **10 days** thereafter.

### a.  Summary Judgment Instructions to *Pro se* Litigant

Plaintiff is hereby notified that this Court will consider Defendants' motion for summary judgment without oral hearing, and that he may file a response in opposition thereto for consideration by the Court.  *Somerville v. Hall*, 2 F.3d 1563 (11th Cir. 1993); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985); *Moore v. Florida*, 703 F.2d 516 (11th Cir. 1983); *Barker v. Norman*, 651 F.2d 1107 (5th Cir. 1981); *Kibort v. Hampton*, 538 F.2d 90 (5th Cir. 1976).

The attention of the plaintiff is particularly drawn to all provisions of Federal Rule of Civil Procedure 56, and specifically to that portion of Rule 56(e), which provides:

> If a party fails to properly support an assertion of fact *or fails to properly address another party's assertion of fact* as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

(emphasis added.)

The plaintiff is also specifically cautioned as follows:

1.  Any issue determined by summary judgment will <u>not</u> be tried.  If a summary judgment is granted as to all issues, there will be <u>no</u> trial and a final judgment will be entered <u>without</u> further proceedings.

2.  The evidence presented by the Defendants in support of the motion for summary judgment may be accepted by the Court as true if it is not contradicted by **affidavits** or other **sworn evidence** such as depositions, submitted by the plaintiff.

3.  The plaintiff cannot rely solely on his complaint and other initial pleadings, but **must** respond with affidavits, depositions, or other competent evidence, to show that there are material issues of fact which require a trial.  *Coleman v. Smith*, 828 F.2d 714 (11 Cir. 1987); *Brown v. Shinbaum*, 828 F.2d 707 (11 Cir. 1987).

As noted above, Rule 56 allows a litigant to oppose a summary judgment motion using affidavits.  Generally speaking, an affidavit is a statement of personal knowledge made under oath before a notary public containing the notary's seal.  *See Lamberti v. United States*, 22 F. Supp. 2d 60, 71 (S.D.N.Y. 1998); 2A C.J.S. *Affidavits* § 25 (2011); 3 Am. Jur. 2d *Affidavits* § 1 (2011).  Plaintiff may, if he is able, use affidavits.  But a formal affidavit is not required to oppose summary judgment.

Under 28 U.S.C. § 1746(1), a litigant may instead oppose a summary judgment motion using an unsworn declaration.  This statue specifically provides that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration,

> verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

Under this statute, Plaintiff may create an unsworn declaration by signing a document under the penalty of perjury by including the operating language in subsection (1) above. As noted earlier, the response Plaintiff previously filed is neither an affidavit nor an unsworn declaration (i.e., the statutory substitute for an affidavit).

The above description of the rule governing summary judgment is merely intended to assist a *pro se* litigant. Plaintiff should not rely solely on the portions of Rule 56 reproduced here. Plaintiff is encouraged to review the entirety of Rule 56 <u>carefully</u> and to consult any other resources on summary judgment available to him.

## IV.    PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff filed a motion for sanctions under Federal Rule of Civil Procedure 11 dated September 20, 2011. (DE# 48.) Liberally construed, Plaintiff appears to contend that defense counsel should be sanctioned for three reasons. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (internal quotation marks and citations omitted).

First, in drafting the summary judgment motion, defense counsel allegedly relied on and attached false affidavits.  Second, defense counsel allegedly made unsupported factual misrepresentations in the motion.  Third, defense counsel allegedly withheld relevant disciplinary report records from after September 2010.  In all three instances, Plaintiff contends that defense counsel did not comply with his Rule 11 obligations to make only representations warranted by the facts and to conduct a reasonable inquiry into those facts.

Defense counsel responded on October 4, 2011.  (DE# 53.)  According to defense counsel, the motion should be denied for four reasons.  First, defense counsel contends that the exhibits to his summary judgment motion "clearly" constitute evidentiary support for the representations in the motion.  Second, defense counsel argues that Plaintiff's specific claim regarding his misclassification is belied by the affidavit of Sgt. Lisa Lowell, who is not a party to this litigation and whose affidavit demonstrates Plaintiff did not follow the rules and thus, in fact, qualified for his classification.  Third, defense counsel noted that he "has absolutely no reason to question the veracity of Sgt. Lisa Lowell."  Fourth, defense counsel points out that Plaintiff offered "no competent, admissible evidence that supports his claim" for sanctions.

The Court **DENIES** Plaintiff's motion for sanctions (DE# 48.)  The Court does not at this time take a position on whether Sgt. Lowell's affidavit – or any of the other evidence attached to Defendants' summary judgment motion – entitles Defendants to summary judgment.  But, as defense counsel accurately points out, Plaintiff offers no competent evidence to support a finding that the filing of these documents or the making of representations based upon these documents in the body of the motion is sanctionable

conduct under Rule 11.  In effect, Plaintiff is really asking in his motion for the Court to resolve some of the primary factual issues underlying his claims – whether Plaintiff actually violated jail rules or whether he was wrongly classified as having done so in retaliation for exercising his First Amendment rights – based solely on his word alone.

The mere fact that Plaintiff disagrees with Defendants' characterization of the facts does not justify sanctioning defense counsel. If that were the case, then instead of answering Plaintiff's complaint, Defendants could have filed their *own* sanctions motion, based upon their obvious disagreement with Plaintiff's allegations.  Moreover, it would mean that a sanctions motion could be filed in **any** case where a defendant's answer denied of some of the allegations (because plaintiff could argue that the denials were frivolous) – which would mean that sanctions motions could be filed in virtually *every* civil case.

## V.      SUMMARY OF CONCLUSIONS

(1)   Plaintiff's request for an extension of time to file his pretrial statement (DE# 44) is **GRANTED**.  Plaintiff must file his pretrial statement within **14 days** of today's date.  Defendants must file their pretrial statement within **14 days** after Plaintiff files his pretrial statement.

(2)   Plaintiff's request for appointment of counsel (DE# 42) is **DENIED**.

(3)   Plaintiff may, after reviewing the standard *pro se* litigant summary judgment instructions provided above, file an additional response to Defendants' summary judgment motion within **14 days** of today's date.  Defendants may file a reply within **10 days** thereafter.

(4)   Plaintiff's motion for sanctions (DE# 48) is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 5th Day of October, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
**The Honorable Daniel T.K. Hurley**
**All counsel of record**
**Taurus L. Turnquist,** *pro se*
Jail #0173884 2649
Palm Beach County Jail
P.O. Box 24716
West Palm Beach, FL 33416